CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

OCT - 1 2019

JULIA C. DUDLEY, CLERK
BY: C. Riot
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 2:19CR11 |
| | : | |
| v. | : | Violations: 18 U.S.C. §§ 666 & 1343 |
| | : | |
| JEFFERY SCOTT SPICER | : | |

## INFORMATION

### INTRODUCTION

The United States Attorney charges that:

1. From 2006 to August 2017, JEFFERY SCOTT SPICER was employed by the Scott County Sheriff's Office as a Sheriff's Deputy.

2. This Introduction is incorporated by reference in each count of this Information.

### COUNT ONE

The United States Attorney charges that:

1. From in or about January 2014 through in or about June 2017, in the Western District of Virginia and elsewhere, JEFFERY SCOTT SPICER, being an agent of the Scott County Sheriff's Office (an organization, a State or local government, or any agency thereof) embezzled property that was valued at $5,000 or more and was under the care, custody, and control of such organization, government or agency.

2. The Scott County Sheriff's Office received, in each calendar year from 2014 through 2017, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance.

USAO # 2017R00201

3. On or about the following dates, JEFFERY SCOTT SPICER submitted fraudulent requests to be paid for overtime and was, in fact, paid the amounts set forth below when, in fact, he was not entitled to such payment:

| DATE | HOURS | AMOUNT | GRANT |
|---|---|---|---|
| 2/20/2014 | 21 | $ 565.11 | Asset Forfeiture |
| 3/20/2014 | 12 | $ 322.92 | Asset Forfeiture |
| 4/17/2014 | 14 | $ 376.74 | Asset Forfeiture |
| 5/20/2014 | 20 | $ 538.20 | Asset Forfeiture |
| 6/23/2014 | 32 | $ 861.12 | Asset Forfeiture |
| 7/8/2014 | 21 | $ 565.11 | Asset Forfeiture |
| 7/23/2014 | 16 | $ 430.56 | Asset Forfeiture |
| 8/8/2014 | 25 | $ 672.75 | Asset Forfeiture |
| 9/9/2014 | 32 | $ 861.12 | Asset Forfeiture |
| 12/9/2014 | 33 | $ 888.03 | Asset Forfeiture |
| 12/22/2014 | 32 | $ 861.12 | Asset Forfeiture |
| 1/14/2015 | 25 | $ 672.75 | Asset Forfeiture |
| 3/18/2015 | 18 | $ 484.38 | Asset Forfeiture |
| 4/20/2015 | 20 | $ 538.20 | Asset Forfeiture |
| 10/19/2015 | 30 | $ 807.30 | Asset Forfeiture |
| 12/16/2015 | 30 | $ 807.30 | Asset Forfeiture |
| 1/19/2016 | 28 | $ 753.48 | Asset Forfeiture |
|  | TOTAL | $ 11,006.19 |  |
| 9/19/2016 | 10 | $ 300.00 | Byrne Grant #16-R1174L015 |
| 1/17/2017 | 8 | $ 240.00 | Byrne Grant |
|  | TOTAL | $ 540.00 |  |
| 2/20/2014 | 10 | $ 250.00 | Selective Enforcement DMV |
| 4/17/2014 | 1 | $ 25.00 | Selective Enforcement DMV |
| 5/20/2014 | 12 | $ 300.00 | Selective Enforcement DMV |
| 6/23/2014 | 8 | $ 200.00 | Selective Enforcement DMV |
| 7/8/2014 | 2 | $ 50.00 | Selective Enforcement DMV |
| 7/23/2014 | 12 | $ 300.00 | Selective Enforcement DMV |
| 8/8/2014 | 8 | $ 200.00 | Selective Enforcement DMV |
| 9/9/2014 | 10 | $ 250.00 | Selective Enforcement DMV |
| 9/23/2014 | 32 | $ 800.00 | Selective Enforcement DMV |
| 10/8/2014 | 10 | $ 250.00 | Selective Enforcement DMV |
| 12/9/2014 | 12 | $ 300.00 | Selective Enforcement DMV |
| 12/22/2014 | 14 | $ 350.00 | Selective Enforcement DMV |
| 1/14/2015 | 10 | $ 250.00 | Selective Enforcement DMV |
| 3/18/2015 | 16 | $ 400.00 | Selective Enforcement DMV |

USAO # 2017R00201

| DATE | HOURS | AMOUNT | GRANT |
|---|---|---|---|
| 4/20/2015 | 16 | $ 400.00 | Selective Enforcement DMV |
| 6/16/2015 | 12 | $ 300.00 | Selective Enforcement DMV |
| 9/16/2015 | 12 | $ 300.00 | Selective Enforcement DMV |
| 10/19/2015 | 8 | $ 200.00 | Selective Enforcement DMV |
| 12/16/2015 | 10 | $ 300.00 | Selective Enforcement DMV |
| 1/19/2016 | 14 | $ 420.00 | Selective Enforcement DMV |
| 4/18/2016 | 14 | $ 420.00 | Selective Enforcement DMV |
| 5/18/2016 | 28 | $ 840.00 | Selective Enforcement DMV |
| 6/20/2016 | 25 | $ 875.00 | Selective Enforcement DMV |
| 12/16/2016 | 4 | $ 140.00 | Selective Enforcement DMV |
| 1/17/2017 | 8 | $ 280.00 | Selective Enforcement DMV |
| 2/17/2017 | 10 | $ 350.00 | Selective Enforcement DMV |
| 4/18/2017 | 15 | $ 525.00 | Selective Enforcement DMV |
| 5/18/2017 | 15 | $ 525.00 | Selective Enforcement DMV |
|  | **TOTAL** | **$ 9,800.00** |  |

4. All in violation of Title 18, United States Code, Section 666(a)(1)(A).

## COUNT TWO

The United States Attorney charges that:

1. From in or about 2016 to 2018, in the Western District of Virginia and elsewhere, JEFFERY SCOTT SPICER, having devised a scheme to defraud, caused to be transmitted by means of wire communication in interstate or foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme.

2. SPICER owned and operated Spicewater Home Electronic Monitoring, LLC ("Spicewater"). SPICER, through Spicewater, was to provide home electronic monitoring services for individuals as ordered by the Scott Circuit Court. SPICER was responsible for ensuring that the individuals were electronically monitored and complied with the terms of electronic monitoring.

3. Spicewater contracted with another business that actually provided the electronic monitoring services. That business would notify Spicewater when an individual was not where they

USAO # 2017R00201

were supposed to be. Spicewater had no independent means to monitor the location of the individuals.

4. The individuals monitored paid SPICER for the electronic monitoring services.

5. From on or about March 20, 2017, through in or about July 2017, the other business contracted by Spicewater ceased to provide home electronic monitoring services for Spicewater. During that time period, SPICER continued to receive payments for home electronic monitoring services, but, in fact, did not provide the services.

6. In addition, SPICER solicited nude photographs and sex from individuals on home electronic monitoring in exchange for payment and for not notifying the court of non-compliance by the monitored individuals.

7. SPICER received payment of $13,797.50 for services that he did not render.

8. Additionally, law enforcement officers in the Commonwealth of Virginia are required to complete 40 hours of continued education training courses every two years in order to maintain Department of Criminal Justice Services ("DCJS") certification.

9. Some of the DCJS training courses are available online and include interactive testing components. To complete an online training course, law enforcement officers are required to log onto the DCJS website using individual usernames and passwords, complete the online course, including any interactive testing component, and then certify electronically that they have finished the course.

10. SPICER devised a scheme in which he completed online DCJS training courses for numerous law enforcement officers. Specifically, SPICER logged onto the DCJS website with each individual law enforcement officers' username and password, completed the online courses, including interactive testing components, and then certified that the individual law enforcement officers completed the courses when, in fact, they did not.

Page 4 of 5
USAO # 2017R00201

11. SPICER received monetary payments in exchange for completing some of the online DCJS training courses on behalf of law enforcement officers.

12. For the purpose of executing the scheme, and during the time period of the scheme, SPICER caused numerous writings, signs, signals, pictures, and sounds to be to be transmitted in interstate or foreign commerce, including, but not limited to, text messages, digital images, telephone calls and internet communications and transmissions.

13. All in violation of Title 18, United States Code, Section 1343.

ENTERED this 1st day of October, 2019.

*Thomas Cullen by LLB*
THOMAS T. CULLEN
United States Attorney

Page 5 of 5
USAO # 2017R00201