# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | Case No. 2:19CR00011 |
| ) | |
| v.  ) | **OPINION AND ORDER** |
| ) | |
| **JEFFERY SCOTT SPICER,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant. ) | |

*Lena L. Busscher, Assistant United States Attorney, Abingdon, Virginia, for United States; Jeffery Scott Spicer, Pro Se.*

The defendant, a federal inmate sentenced by this court, has filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). The government opposes the motion. For the reasons stated, the defendant's motion will be denied.

I.

The defendant, Jeffery Scott Spicer, pled guilty to a two-count Indictment, pursuant to a plea agreement, to one count of embezzlement, in violation of 18 U.S.C. § 666(a)(1)(A) (Count 1), and one count of wire fraud, in violation of 18 U.S.C. § 1343 (Count 2). This court sentenced the defendant to 24 months of incarceration on each count, to be served concurrently, followed by three years of supervised release. He is currently incarcerated at FMC Fort Worth with a projected release date of October 2, 2022.

On August 27, 2021, Spicer filed a pro se letter motion seeking compassionate release based on his need to care for his family, including his brother's elderly mother-in-law, and his health risk in prison from COVID-19. The court appointed the Federal Public Defender to represent the defendant. The Federal Public Defender's office gave notice to the court it would not represent the defendant. Notice, Sept. 24, 2021, ECF No. 48. Thereafter, without response from the government, the court denied the defendant's motion on the ground that he had not exhausted his administrative remedies. Order, Oct. 12, 2021, ECF No. 49.

In response, the defendant filed a second pro se letter, urging this court to again consider his health risks from COVID-19. Following *United States v. Muhammad*, 16 F.4th 126 (4th Cir. 2021), which held that a district court may not dismiss such a motion sua sponte on a failure-to-exhaustion ground, I construed the defendant's letter as a motion to reconsider and ordered that the government file a response. The government responded, contending first that the motion should be denied because Spicer had failed to exhaust his administrative remedies, and, in any event, he cannot show extraordinary and compelling circumstances warranting compassionate release. No reply has been filed by Spicer within the time permitted. The matter is now ripe for decision.

II.

The compassionate release statute, as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239, authorizes courts to modify a term of imprisonment either upon motion of the Bureau of Prisons (BOP) Director "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A); *United States v. Brewington*, No. 2:12CR00009-007, 2019 WL 3317972, at *1 (W.D. Va. July 24, 2019). The government asserts that he has failed to exhaust available administrative remedies prior to bringing a motion before this court.

Here, the defendant has not produced any evidence that he exhausted his administrative remedies as required by the Act. Accordingly, I will deny the motion without prejudice. If he makes a request to the Warden of his facility and his request is denied, or if the Warden does not respond to his request within 30 days, he may refile his motion.

III.

It is **ORDERED** that the Motion for Release Pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 45, is DENIED.

-4-

ENTER:  December 6, 2021

/s/  JAMES P. JONES
Senior United States District Judge